WRIGHTSVILLE AND TENNILLE RAILROAD COMPANY *v.* KELLEY.

CANDLER, J. 1. On the trial of an action for damages alleged to have been sustained in Wrightsville, Johnson county, evidence of a witness to the effect that he remembered an occurrence when a man claimed to have been injured at Dublin, in Laurens county, but that he did not know who the man was and could not say that it was the plaintiff, furnished no basis for a charge submitting to the jury the question whether the plaintiff's injuries were sustained in the county in which the suit was brought or in Laurens county. Especially is this true when the plea filed by the defendant set up no such contention.

2. Where the court correctly submitted to the jury a contention of counsel, it is not error, in the absence of a written request for such an instruction, to fail to charge "the effect of said contention if found by the jury to be true from the evidence."

3. Where the judge, at the conclusion of his charge, gave, by request of counsel, additional instructions as to a contention which had not been previously specifically dealt with, it was not error for him to preface such instructions with the remark: "I did not cover that, gentlemen, in so many words;" nor can it be said that the tendency of the remark was to lead the jury to believe that the judge considered this contention of no importance.

4. Whatever inaccuracies there may have been in the charge as to the amount the plaintiff would be entitled to recover in the event the defendant was

found liable, it is evident, from the amount of the verdict, that no harm was thereby done the defendant. The charge as a whole fully and fairly covered all the points at issue, and was not open to any of the objections made to it in the motion for a new trial. While the evidence was conflicting, that for the plaintiff was sufficient to authorize the verdict returned in his favor ; and the judgment overruling the motion is

*Affirmed. All the Justices concur.*

Argued March 14, — Decided March 30, 1904.

Action for damages.    Before Judge Lewis.    Johnson superior court.    May 15, 1903.

*Daley & Bussey*, for plaintiff in error.
*Faircloth & Blount* and *James K. Hines*, contra.