## PIKE *v.* THE STATE.

1. Evidence that the mother of the prosecutrix was dead, and that the defendant was the father of the child, was not irrelevant; nor is there any showing that it was harmful, or that any improper argument was based thereon.
2. The extracts from the opinion in *O'Neill* v. *State,* 85 *Ga.* 383, were correct statements of law, and there would have been no error in giving the same. But there is no assignment that the same principle was not otherwise given. An inspection of the charge found in the record shows that the court covered the principles involved in the requests to charge.
3. There was no error in giving the other charges complained of, nor in any other ruling on the trial.
4. The evidence, while conflicting, was sufficient to sustain the verdict, and there was no error in refusing to grant a new trial.

Argued January 17, — Decided January 26, 1905.

Indictment for seduction. Before Judge Mitchell. Brooks superior court. December 9, 1904.

On the trial of Pike for seduction, the prosecutrix testified "that she lived with her father, stepmother, brother, and sister." Over the objection of the defendant that the same was irrelevant, she was allowed to testify that the mother was dead. Over like objection she was permitted to testify that the defendant was the father of her child. Having been convicted, Pike moved for a new trial on these grounds, and also because the court refused written requests to give in charge certain propositions which were in the language of this court in *O'Neill* v. *State,* 85 *Ga.* 383 (2), (4); because the court charged, that the jury must inquire from

the evidence whether it was by persuasion and promises of mar-
riage that the defendant *accomplished his purpose*, and whether
she was an unmarried female, and virtuous; because the court
charged, that if the prosecutrix was consenting to have sexual
intercourse with the defendant, not under any promises of mar-
riage, or from being overcome with persuasion, but was as willing
to the intercourse as the defendant, then the defendant would be
guilty of fornication; and because the court charged, that it was
for the jury to say how far the impeachment of any of the wit-
nesses was successful.  The motion was overruled, and the de-
fendant excepted.

  *W. S. Humphreys, Stanley S. Bennet*, and *J. D. Kilpatrick*, for
plaintiff in error.  *W. E. Thomas, solicitor-general*, contra.

  LAMAR, J, (After stating the facts.) 1. In prosecutions for
seduction there is peculiar and special absence of any need for
appeals in order to secure conviction.  On this, as on all other
hearings, the defendant is guaranteed a fair trial.  Considering the.
peculiar character of the issue involved, the State is under the
obligation to check, rather than inflame, passions aroused by the
natural sympathy of those before whom the hearing in this class
of cases is had.  In the present record however, there is no assign-
ment that the testimony, if irrelevant, was harmful, and no sug-
gestion that any improper use was made of the fact that the
mother of the young woman was dead.  But, looked at from the
rules of evidence, we can not hold that the testimony was irrele-.
vant.  It was admissible, not for the purpose of forming a basis
of appeal to the sympathies of the jury, but to show her situa-
tion and environment, and to what extent she was protected or
subject to the persuasions of the defendant.  So, too, as to the evi-
dence relating to the paternity of the child.  The fact of its birth
was a circumstance in proof of the fact that there had been sex-
ual intercourse.  This had to be established before there could be.
any conviction for seduction.  Besides, the defendant subsequently
admitted that on many occasions he had sexual intercourse with
the prosecutrix.  This admission is an answer also to the assign-
ment of error on the use of the words, "accomplished his pur-
pose," by the court in its charge.  It was not cause for granting
a new trial that the court instructed the jury that they were to.

determine whether that admitted and " accomplished " connection had been brought about by persuasion and promises of marriage, or whether she consented because she was as willing to the intercourse as the defendant.

2. It is not always proper in a charge to use the language in the opinion of an appellate court. But even if the paraphrase of the abstract propositions announced in the *O'Neill* case, 85 *Ga.* 383, was such as could be used as a part of the instructions to the jury in the particular case on trial (*Jones* v. *State*, 90 *Ga.* 628 (4)), the judge elsewhere gave the principle of the request. He instructed the jury that they must first find that the prosecutrix was a virtuous, unmarried female; that in determining that question they might consider any facts or circumstances tending to show a debauched mind and behavior; that it would not take direct or positive evidence of previous connection with some other person, but that any evidence that would satisfy their minds beyond a reasonable doubt that she had parted with her virginity would be sufficient.

3, 4. There were witnesses who were offered to impeach several witnesses for the defendant. There was no error in instructing the jury that it was for them to say how far the impeachment of any witness was successful. The motion for a new trial assigns as error, that the judge instructed the jury that if the defendant, by promises of marriage *or* persuasion, induced the female to have carnal connection, etc. But when his attention was called to this matter, he stated that if he said " or " instead of " and," it was a slip of the tongue; that the jury must find, under the charge in the indictment, that the female yielded because of promises of marriage *and* persuasion. He thereby not only cured the error, but so emphasized the necessity of showing both promises and persuasion as to help rather than injure the defendant. We find no error requiring the grant of a new trial.

*Judgment affirmed. All the Justices concur.*