### 6819.   IVEY *v.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY *et al.*

1. The verdict was supported by evidence.
2. The error in giving to the jury instructions as to contributory negligence, in a case arising under the Federal "employer's liability act," was cured by the subsequent express withdrawal of these instructions and by the statement of counsel for the defendant in the presence of the jury.
3. The use of the word "accident," in the charge of the court, did not amount to an intimation of opinion that the injury complained of was the result of a mere accident.   From its context it is apparent that it was used as the equivalent of the word "injury," and must have been so understood by the jury.
4. The instruction to the jury that "relevant testimony in behalf of the railroad company by its employees can not, if they be unimpeached, be disregarded" by the jury, in arriving at their conclusion as to the truth of the issue, was not, when considered in connection with the other instructions of the court, subject to the exceptions taken.
5. There is no merit in the exception that the withdrawal of the instructions relating to contributory negligence left the jury without proper instruction to guide them if they found that the defendant was negligent and the plaintiff chargeable with contributory negligence.

DECIDED JULY 19, 1916.

Action for damages; from city court of Madison—Judge Anderson.   June 24, 1915.

*Westmoreland, Hill & Smith, Middlebrooks & Burruss, E. L. Pennington,* for plaintiff.

*Cumming & Hull, F. C. Foster, E. W. Butler,* for defendant.

WADE, C. J.   1.   This action being brought under the Federal "employer's liability act," no presumption of negligence on the part of the defendant was created by proof of the injury resulting from the running of its train, and it was therefore necessary for the plaintiff to sustain the essential averments of his petition by a preponderance of evidence.   There were two controlling issues of fact:   (1) whether the injury resulted from a defect or from defects in the railroad track, or from an unavoidable accident on account of which negligence could not be imputed to the defendant;

and (2) whether the plaintiff had suffered the injuries alleged in his petition. The finding of the jury was adverse to the plaintiff, and there was evidence to support this verdict.

2. There is no merit in the 1st and 4th special grounds of the motion for a new trial, complaining that the court erred in giving to the jury instructions as to contributory negligence, in a case arising under the Federal "employer's liability act," and that this error was not cured by the colloquy between counsel for the defendant and the presiding judge, and the final express withdrawal by the court of that portion of his charge which related or referred to contributory negligence. *Southern Railway Co.* v. *Parham,* 10 *Ga. App.* 531 (7), 540 (73 S. E. 763); *Central of Georgia Ry. Co.* v. *Garrison,* 12 *Ga. App.* 369 (6), 375 (77 S. E. 193); *Pike* v. *State,* 121 *Ga.* 604, 606 (49 S. E. 680); *Patterson* v. *State,* 122 *Ga.* 587 (50 S. E. 489); *Southern Ry. Co.* v. *Holbrook,* 124 *Ga.* 679 (53 S. E. 203); *Dotson* v. *State,* 136 *Ga.* 243 (4), 244 (71 S. E. 164). Conceding that the jurors were men of average intelligence, the error must have been cured by the express retraction by the court of the previous erroneous instruction, made immediately after repeated statements of counsel for the defendant, in the presence of the jury, that contributory negligence would not bar a recovery in the case, and that the defendant did not contend that the plaintiff had been guilty of any contributory negligence, and that there was no plea of contributory negligence in the answer of the defendant, and after the request to the court to withdraw from the jury that portion of his charge relating thereto.

3. The use of the word "accident," in the following excerpt from the charge of the court, did not amount to an intimation of opinion by the court that the injury complained of was the result of an accident. The excerpt complained of was as follows: "If you find that the defendants were negligent on that occasion, and the plaintiff could have avoided the accident by the use of ordinary care and diligence, then the plaintiff can not recover although you may believe that the defendants' agents or employees were negligent." Taking the word in its context, it is apparent that the term "accident" was used by the court to denote "injury," and must have been so understood by the jury. "Words get their point and meaning almost entirely from the time, place, circumstances and intent with which they are used." *Dillard* v. *State,* 41 *Ga*

278, 281. "Verbal inaccuracies in a charge, not calculated to mislead or obscure the meaning of the court, will not require a new trial." *Savannah, Augusta & Northern Railway Co.* v. *Williams,* 133 *Ga.* 679 (66 S. E. 942). And see *Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (78 S. E. 830).

4. There was no error in the following excerpt from the charge: "I charge you that relevant testimony in behalf of the railroad, company by its employees can not, if they be unimpeached, be disregarded by you in arriving at your conclusion as to the truth of the issue between the parties in this case." Taken in connection with the entire charge, this instruction was not subject to criticism as intimating an opinion on the merits of the case, or as presenting the evidence in behalf of the defendant in a more favorable light than that adduced in behalf of the plaintiff, nor did it suggest to the jury what evidence they should consider in deciding the case. *Seaboard Air-Line Ry.* v. *Walthour,* 117 *Ga.* 427 (43 S. E. 720) ; *Macon & Birmingham R. Co.* v. *Revis,* 119 *Ga.* 332 (46 S. E. 418).

5. The exception that the withdrawal by the court of the instructions relating to contributory negligence "took from the jury the charge on the reduction of damages," and left them without proper instruction to guide them in arriving at a verdict in the event they found that the defendant was negligent and the plaintiff chargeable with contributory negligence, is without merit. Although, under the provisions of the Federal "employer's liability act" (section 3), contributory negligence is no longer a complete defense, as it was at common law, still "whatever at common law was contributory negligence is still to be considered in determining the relative amount of the employee's negligence as compared with that of the employer." Thornton's Federal Employer's Liability Act (3d ed.), § 72, p. 130. The withdrawal of the entire charge as to contributory negligence left the jury free to return a verdict in favor of the plaintiff if they should find that the defendant had been negligent as charged, and that the plaintiff had suffered the injuries alleged in his petition. If there was any insufficiency in the instruction given by the court on this subject, the harm, if any, was, under the facts in this case, to the defendant, and not to the plaintiff.

6. There being no substantial merit in any of the special assignments of error, and the verdict being supported by evidence, the court did not err in overruling the motion for a new trial.

*Judgment affirmed.*