22606. WESTERN & ATLANTIC RAILROAD *v.* BENNETT.

Decided September 29, 1933.

630

*Tye, Thomson & Tye, Morris & Welsch,* for plaintiff in error.
*Arnold, Arnold & Gambrell, Mozley & Gann,* contra.

STEPHENS, J. ■ The court did not err in overruling the motion for a continuance upon the ground of the absence of a witness, where it was not made to appear to the court what the movant expected to prove by the witness, and where it appeared that the witness lived in another county and had not been served with subpœna. Civil Code (1910), § 5715. A recital in a motion for a new trial excepting to the overruling of a motion for continuance, that the movant expected to prove certain things by the absent witness, is not a compliance with this code section.

■ Counsel for the railroad company contends that the court erred in charging the jury as follows: "If you find from the evidence that the decedent, S. K. Bennett, was the husband of the plaintiff, Mrs. Lena Nellie Bennett, and that on the day named in the petition, while crossing defendant's track at Moon's crossing in Cobb county, Georgia, S. K. Bennett was run upon and killed by a train being operated upon and over the defendant's tracks with the consent of the defendant, and if you believe the defendant, through the agents and servants in charge of said train failed to blow the whistle of said locomotive two long and two short blasts, loud and distinct, at intervals of five seconds each, or that after reaching a point within four hundred yards of said crossing the engineer and fireman failed to keep and maintain a constant and vigilant lookout on said track ahead of said engine and to otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which might be on such crossing, then I charge you that the plaintiff would be entitled to recover damages in this case, unless barred of recovery by some other rule of law given you in charge in this case," in that it authorized the jury to find for the plaintiff upon proof of such negligence on the part of the defendant, regardless of whether the same caused the death of her husband, and that the court should have qualified said charge to the effect that such acts of negligence on the part of the defendant, in order to entitle the plaintiff to recover, would have to be the proximate cause of the death of her husband. The plaintiff contended in her petition that the defendant was negligent in the above particulars. After fully stating the contentions of the parties as evidence in the pleadings, the judge in a previous portion of his

charge, instructed the jury distinctly and clearly that the plaintiff could only recover on some one or more of the acts of negligence alleged in the petition and that such negligence must be the proximate cause of the death of plaintiff's husband. Then immediately following the portion of the charge excepted to, in giving the rule of contributory negligence, the judge charged the jury that if they believed that the killing was the result solely of the negligence of the defendant in some of the particulars specified in the petition, the plaintiff could recover. "Though a particular instruction taken alone may be open to the criticism that it required a given qualification, yet where it plainly appears that elsewhere in the charge this very qualification of the doctrine laid down in such instruction was so distinctly and clearly stated as that the jury were not misled as to the true law, the giving of the instruction will not require the granting of a new trial." *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389). In *Scarborough* v. *Walton,* 36 *Ga. App.* 428 (136 S. E. 830), after all other instructions to the jury had been concluded, the court, as to one of the defendants, charged the jury that if they should find that the defendant did a certain act in driving the automobile at the time and place in question, and should further find that this act was negligent, "then the plaintiff would be entitled to recover from the defendant under the rules of law as otherwise given," and this court held that this was not error requiring the grant of a new trial, where the court had in the charge stated the contentions of both parties fully and fairly, and that the excerpt complained of was not an erroneous instruction tending to mislead the jury and requiring a reversal in the absence of a retraction or correction, but was a charge incomplete within itself, though it referred to other portions of the charge, and when considered in connection with the other portions of the charge was not calculated to mislead the jury. "Every subject-matter, every matter of defense, can not be treated in one and the same sentence and at one and the same time." *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (15 *b*) (118 S. E. 488). Applying these principles of law, the instruction complained of was not subject to the criticism directed against it. From this ruling the writer dissents.

■ A charge of the court, that the law provides that a wife may recover as damages for the homicide of her husband the full value of his life as shown by the evidence, states in substance a correct

rule of law as contained in section 4424 of the Civil Code of 1910. *Georgia Railroad & Banking Co.* v. *Farmer*, 45 *Ga. App.* 130 (5) (164 S. E. 71); *Davis* v. *Whitcomb*, supra. The charge was not error in that it failed to state that a recovery could be had only where the homicide was proximately caused by the negligence of the defendant, or that it authorized a recovery irrespective of whether the homicide was proximately caused by the negligence of the defendant, where the court elsewhere in the charge instructed the jury that the burden was upon the plaintiff to establish by a preponderance of the evidence the allegations of the petition, and if the plaintiff recovered, she must recover upon these allegations and could not recover except upon the facts stated in the petition, and otherwise instructed the jury that the plaintiff could not recover unless the defendant was guilty of negligence as charged in the petition.

■ The court having instructed the jury as to the rule for reducing the amount found as the full value of the life of the deceased where his negligence was a contributing cause, and as to a reduction to its present cash value of the amount so found, a charge that the jury, if they found the defendant liable, should proceed to assess the damages according to certain rules given in charge should they find the defendant was liable for full damages, was not error as depriving the defendant of the right to have the gross value reduced to its present cash value.

■ A charge that the jury, in arriving at the present cash value of the services performed by the decedent throughout the time of his life-expectancy, should be "such sum as, put out at interest at 7 per cent., would produce a sum every year equal to what the services of decedent were worth, and by exhausting a part of said sum every year the sum would produce every year such sum as his services were worth throughout the expectancy and to be exhausted at the end of that expectancy," is not, by reason of the statement that the jury should "give such sum as put out at interest as 7 per cent. would produce a sum every year equal to what the services of the decedent were worth," where the court elsewhere in the charge correctly instructed the jury upon the method of computing by the mortality tables the present cash value of the services of the deceased, subject to the objection that it instructed the jury to find for the plaintiff such an amount as principal as would produce at

the rate of 7 per cent. sufficient interest to pay the plaintiff each year the value of the services of the deceased, since the court instructed the jury that in arriving at the sum which would produce every year a sum equal to what the services of the decedent were worth, the entire sum must be exhausted at the end of the expectancy. The charge did not state an incorrect rule. *Georgia Railroad & Banking Co.* v. *Wallis,* 29 *Ga. App.* 706 (9) (116 S. E. 883).

■ The court having sufficiently instructed the jury that the plaintiff could not recover unless the defendant's negligence was the proximate cause of the homicide, and that if the deceased, in the exercise of due care, could have discovered the negligence of the defendant, if any existed, and could by the exercise of due care have avoided the negligence of the defendant after having discovered it, the plaintiff could not recover, written requests to charge which embodied these principles were covered by the charge given, and the failure to give such requested instructions was not error.

■ It being provided by statute, as contained in Ga. L. 1918, p. 212 (section 2677 (2) of the Michie Code of 1926), that a railroad company shall, along its line, at a designated distance from a public crossing, erect a blow-post "to indicate the direction of such crossing," a charge to the jury that the law requires a railroad. company to erect a blow-post "to instruct" the direction of such crossing was a mere inaccuracy and not a substantial misstatement of the meaning of the statute. It was not calculated to influence the jury in a manner harmful to the defendant. *Savannah Electric Co.* v. *Mullikin,* 126 *Ga.* 722 (55 S. E. 945) ; *Southern Railway Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908) ; *Pike* v. *State,* 121 *Ga.* 604 (49 S. E. 680) ; *Wilson* v. *Small,* 28 *Ga. App.* 587 (113 S. E. 238).

■ The evidence authorized the verdict for the plaintiff.

*Judgment affirmed. Sutton and Guerry, JJ., concur. Stephens, J., dissents. Jenkins, P. J., absent on account of illness.*

STEPHENS, J., dissenting. I agree to all but paragraph 2, and from this I dissent. Where the court, immediately after charging the jury that the law requires the engineer of a railroad-train, when arriving at the blow-post required to be erected at a designated distance from a crossing, to blow the whistle in a described manner, and to maintain a constant and vigilant lookout along the track

ahead, and otherwise to exercise due care in approaching the crossing to avoid injury to any person who might be on the crossing, and that if the jury should find that the agents or servants of the defendant in charge of the train being operated over the crossing failed to comply with these requirements, the defendant was guilty of negligence per se, and negligence as a matter of law, a charge immediately following, that if the jury should find that the plaintiff's husband was killed by the operation of the defendant's train at the crossing, and that if the defendant, through its agents in charge of the train, failed to blow the whistle at the time and in the manner required, or failed to keep and maintain a constant and vigilant lookout ahead, and failed to otherwise exercise due care in approaching the crossing in order to avoid injury to a person who might be on the crossing, the plaintiff would be entitled to recover unless barred by some other rule of law given in charge in the case, is error calculated to influence the jury, in that it instructs the jury that the plaintiff can recover where the defendant is guilty of the negligence indicated, which is negligence per se, or negligence as a matter of law, irrespective of whether such negligence was the proximate cause of the homicide or whether the plaintiff's husband himself was guilty of negligence proximately causing his death. The court, in this excerpt from the charge, told the jury that if the acts of the defendant constituted negligence per se, that is negligence as a matter of law, the plaintiff could recover. This error is not removed or rendered harmless because the court elsewhere in the charge may have instructed the jury that before the plaintiff would be entitled to recover, it must appear that the negligence of the defendant proximately caused the death of the plaintiff's husband. "The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Morrison* v. *Dickey,* 119 *Ga.* 698 (2) (46 S. E. 863). The court nowhere instructed the jury that before the plaintiff could recover on negligence per se, or negligence as a matter of law, such negligence must have proximately caused the death of the plaintiff's husband, and nowhere instructed the jury to disregard the erroneous charge referred to.

Since it does not appear conclusively and as a matter of law

from the evidence that the alleged negligence of the defendant in operating its train over the crossing, without blowing the whistle and without keeping a lookout ahead and without otherwise exercising due care, was the proximate cause of the homicide, this error in the charge was harmful to the defendant and should require the grant of a new trial.