CLARK *v.* SMALL *et al.*

No. 9822.  JULY 10, 1934.

*H. Cliff Hatcher,* for plaintiff in error.
*I. W. Rountree* and *Lewis & Lewis,* contra.

RUSSELL, C. J.   This suit was brought by Dora Small, the widow of Lewis Small, for herself and as next friend for her minor children, against Rosa Marks Clark, who during the lifetime of Lewis Small had been appointed and had qualified as his guardian, he being non compos mentis.   The object of the proceeding was to obtain a revocation of an order of the judge of the superior court authorizing an investment of certain funds in the hands of the guardian in a loan on real estate.

On call of the docket by the judge on May 7, 1932, the attorney for the defendant asked that the case be continued on account of the illness of his client.   The plaintiff's attorney objected, and asked to be allowed to make a showing why the continuance should not be granted.   The court announced that the case would be called on May 11, when the matter of continuance would be taken up.   On May 11 defendant's attorney moved for a continuance, setting out that his client, according to an "uncertified certificate" dated May 7, 1932, from Dr. V. L. Bryant, a practicing physician, was down in bed sick, unable to be up, suffering from malaria and acute indigestion, and that he could not safely go to trial without her presence.   Defendant's counsel also urged as a ground for a continuance the absence of P. W. Thompson, stating that this witness resided in the county where the suit was pending, that he had been subpoenaed, that he was not absent by permission of movant, that his testimony was material and movant expected to procure his testimony at the next term of court; that said witness knew the value of the property involved in the case and would testify that the property was worth considerably more than $2000, a material fact in the case, and it was necessary that this witness be present or

that his testimony be taken for the next term of court; that the application for a continuance was not made for the purpose of delay, but to enable the defendant to procure the testimony of said witness. As a counter-showing the attorney for the plaintiff stated that he went to the house in Bartow where defendant was staying, on Monday, May 9, and found her reclining on a couch fully dressed; that he talked with her, and apparently she was not sick; that he asked her if she would submit herself to be examined, which she consented to do; that he asked Dr. Bryant if he would examine her again, and he stated that since he had made a certificate he would rather he get some one else; that he got Dr. Holmes, whom he asked to examine defendant and send his opinion of her by wire to the sheriff of Burke County; and that Dr. Holmes sent a telegram to the sheriff, which witness stated he read. Objection was made to the use of the telegram, on the ground that it was not sworn to, and that defendant's attorney had a right to cross-examine the physician. The objection was sustained.

The court overruled the motion for a continuance. The plaintiff introduced in evidence the testimony of the defendant in another case, which was allowed by the court over objection that it was not evidence in the case being tried, that counsel had a right to have his client present to use her personally, and that plaintiff could not use the testimony of the opposite party which had been used in another case. It is stated in the bill of exceptions that "the testimony offered of Rosa M. Clark was given in case of Bessie Drew v. Rosa M. Clark, which was a suit for the removal of the guardian, and was defendant Rosa M. Clark's testimony relative to the loan out of her ward's funds in which the issues were the same as the case on trial and in which Rosa M. Clark had testified in her own behalf." The trial resulted in a verdict and judgment for the plaintiff. The defendant made no motion for new trial, but in a direct bill of exceptions assigned error on the overruling of the motion for continuance, on the admission of testimony as stated above, and on the rendition of the verdict and judgment for the plaintiff.

■ The court did not err in overruling the motion of the defendant for a continuance on the statement of her attorney that she was unable to attend court, and that he could not safely go to trial without her presence. It does not appear that the certificate of the

physician as to the illness of the defendant was verified; and furthermore this certificate was dated May 7, 1932, and related to the condition of the defendant at that time. The motion for a continuance was overruled on May 11, 1932, four days thereafter.

■ The court did not err in overruling the motion of the defendant for a continuance, based on the absence of an alleged material witness, the motion not stating why the evidence of the absent witness was material.

■ The assignment of error based on the admission of the testimony of the defendant delivered in another case between the defendant and a different plaintiff is without merit. It does not appear that the admission of such testimony "necessarily controlled" the verdict adversely to the plaintiff in error.

■ None of the grounds of exception show that the verdict and judgment were dependent on or controlled by the refusal of the court to grant a continuance, or by the admission of the evidence referred to over the objection of the defendant. This being a direct bill of exceptions, none of the evidence adduced upon the trial is before this court.

*Judgment affirmed. All the Justices concur.*