31624.   HINESLEY *v.* ANDERSON.

DECIDED JULY 11, 1947.

396

*Dunaway, Riley & Howard, H. Fred Gober, W. Tom Veazey,* for plaintiff in error.

*Evans & Evans,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ Although the petition recites that it is brought in two counts, the defendant contends that a separate and distinct cause of action is not set out in each count, without reference to other portions of the pleadings, and that the petition only contains one count and is duplicitous in that it seeks to recover upon allegations of negligence and of wilful and wanton conduct, in the same count. These contentions of the defendant can not be legally sustained. The petition in this case was brought in substantially the same form as that in *American Oil Co.* v. *Arrington,* 75 *Ga. App.* 447, post (43 S. E. 2d, 732), which this court held was sufficient. The petition contained two counts and was not subject to the criticism that it sought to recover damages based on allegations of negligence and of wilful and wanton conduct in the same count. In this connection, see

*Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (38 S. E. 91) ; *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983). The court did not err in overruling the special demurrers to the form in which the petition was brought as to the two counts therein set out and attacking the petition as duplicitous.

■ In paragraph 4 of count 1 of the amended petition, the plaintiff alleged: "That during the said trip, the defendant continued to drink intoxicating liquors." The defendant demurred to these allegations upon the grounds that they were vague and indefinite and amounted to a conclusion of the pleader, in that they failed to state that any liquor taken during the trip was consumed prior to the accident, and prayed that, "unless the plaintiff amends said paragraph to show that the whisky consumed during the trip was prior to the occurrences referred to, paragraph 4 should be stricken." The plaintiff amended his petition and alleged that, "Defendant's actions hereinafter mentioned were committed at a time when he was under the influence of intoxicating liquor drunk before and during said trip." We think that the amendment was sufficient to meet the grounds of demurrer, and that the court did not err in overruling ground 3 of the renewed demurrers to the amended petition.

■ The judgment of the court with respect to the rulings made on the demurrers to count 2 of the petition are not considered, since the jury found in favor of the defendant on this count, and any error that may have been made in ruling on the demurrers to this count would be harmless to the defendant.

■ The petition as amended was not subject to the other grounds of special demurrer.

■ The general grounds of the motion for a new trial are not insisted upon by counsel for the plaintiff in error in their brief, and are treated as abandoned.

■ In special ground 4, error was assigned on the refusal of the court to suppress the depositions of M. C. Adair, a witness for the plaintiff, upon the ground that there was no certificate attached to the depositions or other proof that B. I. Cheney, the person before whom the depositions were taken, was in fact a notary public and ex-officio justice of the peace of Wilkes County, as recited in his signature to the depositions. It appears that counsel for the defendant was present and cross-examined the witness at the time

the depositions were taken, and that no objection was made at that time to the depositions having been taken before the said B. I. Cheney. "Commissioned notaries public, not to exceed one for each militia district, may be appointed by the judges of the superior courts in their respective circuits, upon recommendation of the grand juries of the several counties. They shall be commissioned by the Governor for the term of four years, and shall be ex-officio justices of the peace and shall be removable on conviction for malpractice in office." Code, § 24-501; Code Ann., § 2-4301. The courts of this State may take notice of who are the public officers of this State, where the law requires such officers to be commissioned by the Governor. *Abrams* v. *State,* 121 *Ga.* 170 (48 S. E. 965); *Daniel* v. *Citizens & Southern Nat. Bank,* 182 *Ga.* 384, 400 (185 S. E. 696). The judge did not err for any reason assigned in refusing to suppress the depositions, and in overruling special ground 4.

■ Complaint was made in special ground 5 that the court allowed the testimony of Dr. M. C. Adair, which was in the form of depositions, that, in his opinion, the plaintiff had a permanent disability in his left elbow, to go to the jury, over the objections of the defendant that there was no evidence that the witness was qualified to give an opinion as an expert, and no qualification shown for him. Whether or not a witness is qualified to give an opinion as an expert is a matter within the sound discretion of the trial judge. *Williams* v. *McCranie,* 27 *Ga. App.* 693 (109 S. E. 699); *Clary* v. *State,* 8 *Ga. App.* 92 (2) (68 S. E. 615); *Glover* v. *State,* 129 *Ga.* 717 (9) (59 S. E. 816). In the present case, the witness testified that he was a physician and surgeon, practicing at Washington, Georgia, and that he had examined the plaintiff by physical examination and fluoroscopy and prescribed treatment for him. The witness was thoroughly cross-examined by counsel for the defendant as to the number of times he had examined the plaintiff, the manner and method of the examination, and the period of time during which the examination and treatment had continued. In these circumstances, the trial judge did not err in allowing the testimony of Dr. Adair, which was in the form of depositions, to be read to the jury upon the trial of the case.

■ Complaint was made in special ground 6 that the court, after instructing the jury as to the provisions of the Code,

§ 68-303 (d), charged them: "So that in this case, gentlemen of the jury, I charge you that, if you find from the evidence that the defendant, J. A. Hinesley, was traveling in the same direction as was the plaintiff, and if Mr. Hinesley overtook Mr. Anderson and desired to pass around him, and if the way ahead was clear, then it would have been the duty of Mr. Hinesley under the circumstances to pass to the left of Mr. Anderson. And if you find that Mr. Hinesley failed to pull to the left in so passing, if you find he did pass Mr. Anderson, and that by reason of such failure to pull to the left, his gasoline truck came in contact with Mr. Anderson's motorcycle and sideswiped it, causing it to overturn and to injure Mr. Anderson, the plaintiff, and if you find further that Mr. Anderson was in the exercise of ordinary care and diligence for his own safety at the time, then you would be authorized to return a verdict for the plaintiff under count 1 for such sum as you find him to be entitled to under the evidence as to his injuries and damage, and under the rules of law as given you in charge respecting such injuries and damages. You will understand the court does not intimate any opinion as to what has or has not been proven, for that is entirely a question for you. I charge you, gentlemen of the jury that, where a party commits negligence and that negligence amounts to a violation of a public law, then that is negligence per se, that is, negligence in and of itself. As to whether any law has been violated in this case is for you to determine." The objections to this charge were that it was confusing and misleading to the jury and incorrect as an abstract principle of law; that it did not fully state the law on the question applicable to the issues in the case; and that it amounted to an expression of an opinion by the court that certain acts in and of themselves would amount to negligence and entitle the plaintiff to recover, when this was an issue for the jury. The court elsewhere in his charge and after the charge complained of, told the jury: "I charge you, gentlemen, though I believe I have already stated it, that before the plaintiff would be entitled to recover in this case he must show that he was damaged by the defendant in one or more of the ways alleged in his petition, and that the alleged negligence of the defendant was the proximate cause of the injury and damage."

The charge was adjusted to the pleadings and the evidence in the case, and was not error for any reason assigned, and the court did not err in overruling special ground 6. In this connection, see *Western & Atlantic Railroad* v. *Bennett*, 47 *Ga. App.* 629 (2) (171 S. E. 187), and citations; *Alabama Great Southern Ry. Co.* v. *McBryar*, 65 *Ga. App.* 153, 156 (3) (15 S. E. 2d, 563), and citations.

9. In special ground 7, error was assigned on the action of the court in stating to the jury, before reading a request to charge, "Now here is a request to charge that I was about to overlook." The request was made by the defendant, according to the allegations of this ground of the motion, and the objection was that such statement tended to impress the jury that the defendant had made the request and to minimize the principle of law therein contained. But as a matter of fact the judge did not tell the jury or state in their presence who made the request. However, even if it could be said in that case that the jury could tell from the language of the charge that the request had been made by the defendant, we do not think that the remarks of the judge were such as could have harmed the defendant or that they were error for any reason assigned. In this connection, see *Brown* v. *Kendrick*, 163 *Ga.* 149, 164 (135 S. E. 721); *Wrightsville & Tennille R. Co.* v. *Kelley*, 119 *Ga.* 883 (3) (47 S. E. 366); *Dotson* v. *State*, 136 *Ga.* 243 (3) (71 S. E. 164); *Powell* v. *Jarrell*, 65 *Ga. App.* 453, 464 (16 S. E. 2d, 198). The court did not err in overruling special ground 7.

10. In the charge to the jury, the court read the provisions of the Code, § 68-301, and then instructed the jury: "It is one of the contentions of the plaintiff in this case that the defendant was exceeding the speed limit, and I give you this principle of law in charge. It is entirely a question for you to determine under the evidence whether or not that was an exceeding of the speed limit by the defendant in this case." The objection to this charge was that it was misleading and confusing to the jury and was not supported by any evidence, because there was no evidence that the truck weighed in excess of 7375 pounds or that it was traveling more than 35 miles an hour at the time of the accident. It was not contended in count 1 of the petition that the defendant was negligent in operating his truck at an unlawful speed, but this

allegation of negligence was contained in count 2, and the judge so informed the jury in his charge. Consequently, there was no reason for the jury to have been confused or misled by the charge in this respect, and since the jury found in favor of the defendant on the count of the petition to which the charge was directed, any error therein was harmless to the defendant. The court did not err in overruling special ground 8.

■ The form of the jury's verdict was as follows: "We, the jury, find the defendant guilty of count No. 1 as charged, and not guilty of count No. 2. We, the jury, award the plaintiff damages in the amount of $11,000 as actual damages and $1000 for future medical treatment to the plaintiff." The exception to this verdict is that it shows that the jury attempted to make a finding of actual damages and then in addition thereto award to the plaintiff another sum of money for future medical treatment; that the verdict is too vague and indefinite to be capable of being enforced; and that it shows undue influence and bias on the part of the jury towards the defendant.

We do not think that the verdict is subject to the criticism that it is too vague and indefinite to be capable of being enforced, or that it shows undue influence and bias on the part of the jury towards the defendant. If the verdict was erroneous in awarding the plaintiff a sum as actual damages and then another sum in addition thereto, the error was cured when the trial judge required the plaintiff to strike from the verdict the sum of $1000 awarded for future medical treatment, which the plaintiff did in order to comply with the judgment on the motion for a new trial. The ruling of the court with respect to special ground 9 shows no error.

■ The verdict is supported by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*