32340. ARRINGTON *v.* HINESLEY.

DECIDED MARCH 18, 1949.

812

Randall Evans Jr., for plaintiff.

Dunaway, Riley & Howard, Stevens & Stevens, W. T. Veazey, for defendant.

GARDNER, J. ■ Insofar as the original grounds are concerned, after a careful reading of the evidence, the evidence is sufficient to sustain the verdict. This being true, this court is without authority to disturb it. It has the approval of the trial judge who heard the case. He had tried the case once before, where the plaintiff had recovered a verdict, and on motion for a new trial he had granted another hearing. He refused this one. There is much said by counsel for the plaintiff concerning the case of Hinesley v. Anderson, 75 Ga. App. 394 (43 S. E. 2d, 736). That was an entirely different case and of course has no part in this one. There is also considerable argument as to the judge granting a new trial when this case was tried before. That was entirely within the discretion of the judge. There is considerable comment that the trial judge passed on and overruled the motion in the instant case too quickly and without due consideration. There is no law which has been called to our attention or so far as we know as to any limitation as to time in which a trial judge shall consider a motion for a new trial. We might say here, however, that the trial judge was perfectly familiar with all the facts in this case from having previously tried it. The general grounds are without merit.

■ (a) Special ground 1 assigns error upon the following question and answer, which the court permitted over the objections

of the plaintiff: "Q. As far as you know, did you hit any motorcycle?" The witness answered: "No, sir; I didn't run into them. It was a fair, clear day and I am not quite blind and I don't see who in the world I could have run over without seeing them." Under the petition as amended and under the answer as amended, one of the controlling issues was whether or not the truck of the defendant struck the motorcycle of the plaintiff. The main objection was based on the contention that the answer of the defendant was evasive and did not warrant the admission of this testimony. We do not think that, under the answer as amended and under the petition as amended, the admission of this testimony over objections is cause for a new trial.

(b) Special ground 2. At the conclusion of the testimony for both sides, the court instructed the jury that. they need not consider the allegations that the defendant was intoxicated at the time of the alleged collision, since there was no evidence to sustain this allegation. We have read the testimony on this point and have come to the conclusion that there was no error in the position of the judge on this point. Counsel for the plaintiff cite a number of cases, but when we read them, we find that they have no application to the facts in this case. Then too, as we have above stated, even if we may concede that the defendant was driving while under the influence of intoxicating liquor, there is nothing to show as a matter of law that such was the proximate cause of the alleged injuries. Moreover, as above stated, the jury were authorized to find that the plaintiff received no injuries as alleged, from the alleged collision. This ground shows no cause for reversal.

(c) In special ground 3, the plaintiff contends that the court erred in charging the jury as follows: "In other words, the defendant contends that there is no liability on his part to the plaintiff; he contends that he didn't know of the accident, that he did not do it, and if it was done there was no contact between his machine and the plaintiff's motorcycle; and he contends, gentlemen, as already stated, that he was not liable and was not guilty of any negligence, and that he should not be held liable for any sum for any alleged injuries to the plaintiff." Error is assigned, because there were no pleadings to authorize the charge,

814

but to the contrary the pleadings of the defendant admitted the contact between the truck and the motorcycle; that the portion of the charge which set up that the defendant was contending that there was no contact between the truck and the motorcycle was without pleadings to support it; that the instructions, to the effect that the contentions of the defendant were that the motorcycle did not come into contact with the truck, are not based on any legal testimony; that the charge was without pleadings or evidence to support it; that the instructions removed the burden from the defendant of proving that his truck did not come in contact with a motorcycle, whereas the defendant in his answer admitted it. In viewing the whole charge in the light of the pleadings, and the evidence, this ground shows no cause for reversal.

(d)  Special ground 4 complains of the following charge: "I charge you that, where an admission is stricken by a defendant, by an amendment, the plaintiff is entitled to introduce the admission for your consideration, and it is for you to determine whether the admission is true, as it stood prior to the amendment; or whether the denial, as made by the amendment, is true. The striking of the admission by the amendment does not remove the admission from your consideration, but simply leaves it for your consideration and determination as [to] the truth of this. I charge you in that connection that would apply also to the plaintiff in this case." The plaintiff requested in writing all of said charge except the last sentence, as follows: "I charge you in that connection that would apply also to the plaintiff in this case." It is clear, indeed it is admitted, that the above is a correct principle of law; but the plaintiff contends that— while the defendant in the original answer admitted paragraph 12 of the petition, as above shown, and thereafter in the amended answer stated that paragraph 12 was admitted by inadvertence and was denied in the amendments to the answer—it was clearly shown that the charge of the court requested was applicable to the defendant but not to the plaintiff because the plaintiff in his pleadings made no admission. In the plaintiff's original petition he alleged that the contact between the truck of the defendant and his motorcycle caused his motorcycle to swerve and travel several yards and fall into the ditch, throwing the

plaintiff to the ground, all of which caused his alleged injuries. In the substituted petition the plaintiff did not make this allegation. While in the substituted petition he alleged that his motorcycle came in contact with the truck, he was silent as to whether he was or was not thrown from his motorcycle. Construing the original petition and the substituted petition together, as a whole, we think that the substituted petition amounted to the allegation that the defendant did not fall from his motorcycle by reason of the collision. While the evidence in the case has no application to the principle of law here involved as to the admissions made in the pleadings, the evidence in this case does show, from the plaintiff's own testimony, that he never was thrown from his motorcycle, but that he stayed on it and pursued the truck which he alleged came in contact with his motorcycle and saw the defendant in it. So viewing the pleadings as a whole, the court was correct in the conclusion that the plaintiff admitted he was wrong in alleging in the original petition that he was thrown from his motorcycle, and therefore the principle of law in question was applicable alike to the defendant and to the plaintiff, and the court did not err in so instructing the jury. Then again, as we have said before, even if it may be conceded, which we do not, that the principle of law was inapplicable to the pleadings of the plaintiff, we see in this ground no cause for reversal, for the reason that the jury were authorized to find that the plaintiff did not receive any alleged injuries from the contact between his motorcycle and the truck, even though there was such contact.

Where, as here, the verdict has the approval of the trial judge, it must be reviewed in the light most favorable to sustain the verdict. This ground shows no cause for reversal.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*