### 34396. THOMAS *v.* FERRIER.

DECIDED FEBRUARY 3, 1953—REHEARING DENIED FEBRUARY 28, 1953.

*Frank A. Bowers,* for plaintiff in error.

*Wm. A. Thomas,* in propria persona.

*Russell G. Turner,* contra.

GARDNER, P. J. ■ The plaintiff contends that a new trial should be granted because the court erred in overruling his demurrers, general and special, to that portion of the defendant Ferrier's plea, answer and cross-action or counter-claim, in which he sought to recover against the plaintiff the fees of the attorney defending the case brought by the plaintiff. Most of plaintiff's brief in this court is devoted to the citation of au-

thority and argument in support of this contention. However, as we view the matter, the questions raised by these exceptions are now moot and need not be considered by this court. The record affirmatively shows that the defendant Ferrier voluntarily wrote off the recovery in his favor based on this cross-action. In these circumstances, no harm resulted to the plaintiff from the ruling on said demurrers.

The court denied the motion of the plaintiff for a continuance of the case on the ground that one of his material witnesses, Miss Celestine Sibley, was at the time temporarily in California, and asking that the case therefore be continued until she returned.

"In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he resides in the county where the case is pending; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects he will be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness; and must state the facts expected to be proved by such absent witness." Code, § .81-1410. The movant for a continuance must show a compliance with this section, and that the testimony of the absent witness would be material, and such testimony must be set forth, and also that the movant has made every effort to procure such testimony. The party seeking such continuance must show in his affidavit and motion therefor that there are no other witnesses present by whom he can satisfactorily prove the same facts. It must affirmatively appear that the absent witness has been subpoenaed. See *Ellis* v. *State*, 25 *Ga. App.* 394 (103 S. E. 715); *Wiggins* v. *State*, 101 *Ga.* 501 (29 S. E. 26); *Seagraves* v. *Powell & Co.*, 136 *Ga.* 877 (72 S. E. 349); *Clark* v. *Small*, 179 *Ga.* 119 (2) (175 S. E. 475); *Jones* v. *State*, 125 *Ga.* 307 (54 S. E. 122); *W. & A. R.* v. *Bennett*, 47 *Ga. App.* 629 (171 S. E. 187); *Walker* v. *State*, 118 *Ga.* 34 (4) (44 S. E. 850); *Wells* v. *State*, 43 *Ga. App.* 347 (158 S. E. 641). It is proper to refuse the motion for a continuance where the showing required by law has not been

made. *W. & A. R.* v. *Bennett,* supra. The motion must also show that the witness is expected at the next term. *Runnals* v. *Aycock,* 78 *Ga.* 553 (3) (3 S. E. 657).

It does not appear that the motion of the plaintiff for a continuance of the present case was in compliance with the above statute, and it was not error for the trial judge to deny his motion for such continuance and to direct that the case proceed to trial. It does not appear that Miss Sibley was subpoenaed, or that there were no other witnesses present by whom he could prove the same facts, or that the witness would be available at the next term.

■ For the reason that the defendant Ferrier wrote off the recovery in his favor against the plaintiff for $250, based on the cross-bill interposed by the defendant, it does not appear that the court's charge, complained of in the special ground embraced in the first amendment to the motion for a new trial, that, "If you believe defendants sustained the damage by reason of the bringing of the action against them by the plaintiff, it is for you to say how much such damage they sustained," was harmful and this ground is not passed upon. That question is no longer in the case.

■ None of the other special grounds of the plaintiff's motion for new trial, added thereto by the second amendment to the motion shows error.

The plaintiff introduced evidence tending to show that he performed legal services for the defendant, which were both beneficial to him and with which he was satisfied; that, while he had been paid $350 on these services, a reasonable fee in the circumstances would amount to more than this sum; that the plaintiff had demanded such additional sum of the defendant Ferrier when Ferrier undertook in writing to discharge the plaintiff as attorney in the case, and that the defendant refused to pay the same. However, Ferrier introduced evidence to the contrary, which authorized the jury to find that the plaintiff was not entitled to any further attorney's fees in the matter. The contract of employment, which provided for the payment to the plaintiff of a reasonable attorney's fee for representing Ferrier in the proceedings involving his divorce and alimony claims against him, did not require as a matter of law a verdict

in favor of the plaintiff for some amount as a reasonable attorney's fee in the premises. It follows that the verdict finding for the defendant and that the plaintiff was not entitled to recover any sum for a "reasonable attorney's fee" was authorized by the evidence and was not contrary to law. Necessarily, therefore, the verdict in favor of Ferguson was authorized and legal. The only judgment sought against him was to set aside the deed from Ferrier to him and subject the property to the judgment of the plaintiff for attorney's fees, which judgment for attorney's fees the plaintiff did not recover.

It follows that the court did not err in overruling the plaintiff's motion for a new trial as amended.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*