## THORPE *vs.* WRAY.

68  359
о111  86

1. The unlawful detention of the person of another, though under a warrant, will give a right of action if done in bad faith.
2. If the warrant be void, the action may be brought in the form of trespass, and not necessarily in the form of an action on the case.
3. The verdict is not contrary to law, evidence or the charge of the court.
(*a*.) The question of damages is peculiarly one for the jury, and their verdict will not be set aside as excessive, unless it is so excessive as to justify the inference of gross mistake or undue bias.
4. Newly discovered testimony, the object of which is to impeach a witness, and which is merely cumulative in its character, will not cause a new trial.
5. In an action for false imprisonment under a warrant, it was competent to show a re-arrest under the same warrant on a day subsequent to that on which the arrest involved in the suit was made. Such testimony tended to illustrate the question of good or bad faith on the part of the prosecutrix.

6. A female witness, when asked whether she was not an inmate of a house of prostitution, could claim her privilege as a witness on the ground that the answer would tend to disgrace her, and refuse to answer.

7. Where counsel for one party for the purpose of impeaching the opposing party, who was on the stand as a witness, caused her to testify that she had pleaded guilty to a charge of assault and battery, it was competent in rebuttal of such fact to show the reason why she entered that plea.

8. The circumstances attending the arrest and imprisonment which formed the basis of this suit for false imprisonment, including an offer by the person arrested to the arresting constable to give bail, were admissible as part of the *res gestæ*.

9. There was no error in the rulings complained of in the 13th, 14th, 15th, 16th and 17th grounds of the motion for new trial.

10. Grounds of a motion for new trial not authenticated by the court below will not be considered by this court.

11. Is not the rule requiring that a prosecution must be ended before a right of action therefor accrues limited to a suit for malicious prosecution; or will it extend to an action for trespass founded on the arrest and imprisonment? *Quære.*

(*a.*) There is sufficient evidence in this case to sustain a finding that the prosecution was at an end.

Actions. Damages. False Imprisonment. Non-suit. Verdict. New Trial. Evidence. Witness. Before Judge HARDIN. City Court of Savannah. May Term, 1881.

Maud Wray brought an action of trespass against Mary Thorpe, alleging that the latter did "unlawfully, without lawful warrant or authority, and in bad faith, imprison and detain your petitioner, falsely pretending that your petitioner was guilty of the crime of perjury," causing damage, etc. The defendant pleaded the general issue and justification.

On the trial, the evidence for the plaintiff was, in brief, as follows: The plaintiff boarded in the defendant's house. About January 20th, she had a difficulty with one Annie Phillips, another girl who boarded in the house, which resulted in a fight. Plaintiff was arrested at the instance of Annie Phillips on two warrants, one for assault and bat-

tery, the other a peace warrant. Being unable to give bond, she remained in jail till next day, when a bond was given and she was released. Subsequently she pleaded guilty to the charge of assault and battery, and was fined $25.00. She preferred doing this to having the publicity of a trial, although not guilty. After the difficulty with Annie Phillips, plaintiff went to another place to board. On January 21st, 1881, she returned to defendant's house to pack and carry away her trunk. She was met by defendant, who ordered her to leave, and accused her of threatening to break up the furniture. This was denied by her and affirmed by another boarder, resulting in a slight altercation. The defendant continued to order her to pack up and leave ; cursed and abused her, and threatened to "fire" her down the steps. On January 24th, she swore out two warrants against defendant, one for keeping a lewd house, and the other for committing a breach of the peace. After doing this, she was advised by her counsel, who, knowing from professional observation in other cases the revengeful character of defendant and her severe treatment of her boarders who offended her, anticipated a counter-warrant, not to return home that night. She spent some time in the room of one Kaufman, over his bar-room, and then went to the office of her counsel, where she was arrested about six or seven o'clock, P. M., on a warrant sworn out by defendant, charging her with perjury in making the affidavit on which the peace warrant was based. The affidavit and warrant under which this last arrest was made were as follows :

"OFFICE OF W. H. WOODHOUSE.

STATE OF GEORGIA—Chatham county.

. Before me, W. H. Woodhouse, in and for the county of Chatham, in the state of Georgia, personally came and appeared Mary Thorpe, who, being duly sworn, deposeth and saith, that to the best of deponent's knowledge and belief, Maud Wray, of said county, is guilty of the offense of perjury by falsely swearing before Waring Russell, a justice of the peace, that deponent 'threatened and abused Maud

Wray,' said affidavit being made to produce the arrest of deponent in said county, January 24th, 1881.

Sworn to and subscribed before me, at Savannah, county and state aforesaid, this the twenty-fourth day of January, A. D., 1881.

MARY THORPE,

W. H. WOODHOUSE.

"STATE OF GEORGIA—Chatham county.

*To any Sheriff, Deputy Sheriff, Coroner, Constable, or Marshal of said State—Greeting:*

You are commanded forthwith to apprehend the body of Maud. Wray, charged with the offense of perjury, and to bring her before me, or some other judicial officer of this state, to answer the said complaint and to be further dealt with according to law. You will also levy on a sufficiency of property to satisfy the cost of this proceeding, etc.

Given under my hand and seal, at Savannah, county and state aforesaid, this the twenty-fourth day of January, A. D., 1881.

W. H. WOODHOUSE, [L.S.]

*J. P. —— county, Georgia.*

Under this warrant plaintiff was arrested and carried before Woodhouse, the justice of the peace who issued it. Kaufman offered to go on her bond, but was refused, because his property consisted entirely of personalty. He offered to place in the hands of the arresting officer a certified bank check for the amount covered by his suretyship, but this was also refused. He subsequently obtained a satisfactory bondsman, and plaintiff was released after a detention of two or three hours. The condition of the bond was for plaintiff's appearance at the next term of Chatham superior court, to answer any indictment, etc. In a few days after this her bondsman desired to release himself, and she was again arrested by a constable serving in the court of Naughton, another justice of the peace of Chatham county. Her counsel placed the warrant in the hands of the justice, he set a time for the hearing, had defendant (Thorpe) subpœnaed, and notified her counsel. At the time set for the hearing, no one appearing for the prosecution of the case, the statement of Maud Wray was

taken, and she was dismissed.  She suffered much annoyance from this arrest.  The other girls in the house did not like her because she made more money and had more privileges than they did.  No one was present at the conversation between her and defendant which formed the basis of the peace warrant.  Defendant's treatment of her boarders was very domineering, and was violent towards those who displeased her.

The evidence for the defendant was, in brief, as follows :

She and several of her witnesses, who stated that they were present at the interview of January 21st, 1881, denied any violence on her part, and set up that plaintiff had been drinking and had beaten Annie Phillips badly, and threatened to break some of defendant's furniture (as one of the boarders reported), and that on the 21st of January, when she came in, defendant instructed her to pack up and leave, and sent out after a constable, who was present during a portion of the time when plaintiff was packing.  There was much testimony from defendant and her boarders tending to impeach the plaintiff.  It also appeared that she swore out the warrant for perjury under the advice of counsel ; that the affidavit was sworn to before Woodhouse, who was a justice of the peace in Chatham county, and was by him attested and the warrant issued ; but he omitted to attest the affidavit with his official signature.  At the time of the hearing before Justice Naughton defendant (Thorpe) was sick and could not attend ; and her counsel also advised her that Naughton had no jurisdiction of the case.

As to the feelings which prompted the suing out of the warrants and counter-warrants between the parties, the evidence was neither lucid nor consistent ; but it was quite evident that each party desired to give the other trouble.

The jury found for the plaintiff $755.00.  Defendant moved for a new trial on the following among other grounds :

v 68—25

(1.) Because the court overrnled the motion for a non-suit made by the defendant.

(2.) (3.) (4.) Because the verdict is contrary to law and evidence and is excessive.

(5.) Because of the newly discovered testimony of two witnesses. [The affidavits attached to this ground show that the object of the newly discovered testimony was the impeachment of the witnesses for the plaintiff.]

(6.) Because the court erred in overruling the objection of defendant to the admission of plaintiff's answer to the question put by her counsel, whether she had not been arrested a second time on the same warrant after she had given bond.

(7.) (8.) Because the court erred in ruling that the plaintiff could not be compelled to answer the question whether she was not an inmate of a house of prostitution at the time the warrant was sued out, plaintiff stating that it would bring disgrace upon her.

(9.) Because the court erred in overruling the objection of defendant to the plaintiff's stating her reason for pleading guilty to the offence of assault and battery, and in admitting said evidence both in the direct and re-direct evidence of said witness. [The court certified that the fact that plaintiff pleaded guilty was drawn out by counsel for the defendant, and the cause of the plea was allowed to be shown in rebuttal.]

(10.) Because the court erred in admitting the evidence of Kaufman, a witness for plaintiff, as to the offers of said witness to become security for plaintiff at the time of arrest, and to the efforts of Mr. Russell (her counsel) to have the bail reduced, defendant objecting upon the ground that she was not responsible for the acts of the officer after the arrest.

(11.) Because the court erred in ruling in the presence of the jury in the language following: "All sufferings of the plaintiff may be considered as part of the damages, when they are the natural result of the taking out of the

warrant." [The court certified that no formal ruling was made on the point, but that he considered this a correct statement of the law.]

(12.) Because the court erred in admitting the evidence of Russell as to how many warrants were issued against the plaintiff at the instance of the defendant, the defendant objecting to the admission of the evidence. [The witness stated that there was only this one that he knew of.]

(13.) Because the court erred in admitting the evidence of said witness as to the offers of Kaufman made to the constable to become security for appearance of plaintiff, over the objection of defendant that she was not responsible for the acts of the officer.

(14.) Because the court erred in refusing to allow an amendment of the affidavit on which the warrant for perjury was based, by the addition of the letters or words denoting his office to the signature of the officer, he being then in court ready to testify that he had taken said affidavit as a justice of the peace, and through inadvertence failed to attest said affidavit officially.

(15.) Because the court refused the motion for a nonsuit made by the defendant after the close of the plaintiff's evidence, upon the ground that the evidence proving that the arrest and detention were by virtue of a warrant, the action of trespass for false imprisonment would not lie and case was the remedy.

(16.) Because the court erred in deciding that the warrant upon which the arrest was made was void, because it did not contain the recital that said warrant issued on oath or affirmation.

(17.) Because the court erred in refusing the motion of defendant to have the witnesses for the plaintiff excluded from hearing the evidence of defendant and her witnesses after the witnesses for the defendant had been so excluded. [The court certified that defendant's counsel made this motion after plaintiff closed, and that no witness was afterwards introduced for the plaintiff.]

(18.) (19.) (20.) (21.) (22.) Because the court erred in admitting the evidence of plaintiff over the objection of defendant as to the manner in which defendant treated her boarders, especially when they attempted to leave her house. [The court certified that the defendant first introduced evidence concerning her manner of treating her boarders, and this evidence was introduced in rebuttal.]

The motion was overruled, and defendant excepted.

J. J. ABRAMS; LESTER & RAVENEL, for plaintiff in error.

A. P. & S. B. ADAMS, for defendant.

SPEER, Justice.

This was an action of trespass for false imprisonment, brought by the defendant in error against the plaintiff in error, in which a recovery was had in favor of the plaintiff below in the sum of seven hundred and fifty-five dollars. A motion was made for a new trial, which was refused, and that judgment is the error assigned.

It appears from the evidence, that Maud Wray sued out a warrant against Mary Thorpe "to compel her to give bond to keep the peace." That immediately after her arrest on said warrant, Mary Thorpe sued out a warrant against Maud Wray charging her with perjury in suing out the peace warrant; upon this warrant Maud Wray was arrested, and it was in consequence of her arrest and imprisonment under said warrant this action of trespass was filed.

1, 2. The first error assigned in the motion for new trial was error in the court refusing to non-suit the case.

The ground of the motion for non-suit was, "it having been proved that the arrest and detention of the plaintiff was by virtue of a warrant, the action of trespass for false imprisonment, would not lie, but *case* was the remedy, and plaintiff had not shown any bad faith on the part of defendant."

We agree with the court below, that the motion for non-suit should not have been allowed. The warrant under which this arrest of plaintiff below was had was defective and void.

There was no sufficient affidavit upon which it could issue. It did not appear to have been sworn to before any officer authorized to administer an oath, but was attested and signed by W. H. Woodhouse and the defendant below, Mary Thorpe. Neither the affidavit or warrant either literally or substantially complied with the form prescribed by law. Code, §4714-15; Constitution article 1, section 1, par. XVI; 55 *Ga.*, 380.

This warrant was not supported either by oath or affirmation, nor did it allege when or where the crime was committed. Code, §4714.

The warrant being void, the arrest and imprisonment were illegal, if made in bad faith. " False imprisonment consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Code, §2990.

" But, though the imprisonment be had under a warrant defective in form or void for want of jurisdiction, neither the party *bona fide* suing it out, nor the officer who in good faith executes the same, would be liable for false imprisonment; but in such cases the good faith must be determined by the circumstances of each case." Code, §2991. The conclusion, then, is irresistible, that if the party who sues out the warrant acts in bad faith, the detention is unlawful, and he is liable to an action. The question of good or bad faith being a question of fact for the jury, the court did not err in refusing to non-suit the case. Code, §4460; 52 *Ga.*, 244; 50 *Ib.*, 591.

The warrant being void the action of trepass for false imprisonment was properly brought. Code, §§2990-1, 4364; 3 Wait, 307; §. 4, *Ib.*, 319, §13.

3. The court having given in charge to the jury the principles above recognized, we do not think the verdict

is either contrary to the charge or to law.    Neither are we prepared to say the verdict found by the jury is excessive.

"The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias."   Code, §2947;  10 *Ga.*, 37;  20 *Ib.*, 428;  23 *Ib.*, 222;  42 *Ib.*, 270.

The question of damages being one peculiarly for the jury, and the legal principles controlling the question being properly given in charge, we do not feel authorized to interfere with the verdict on this ground.   Code, §§3066, 3067.

4. The newly discovered testimony would only be admissible with a view of impeaching the testimony of the plaintiff below, and is not favored or sufficient to set aside a verdict, especially when the newly discovered testimony is likewise merely cumulative in its character.  56 *Ga.*, 403 ;  Code, §3716.

5. We see no error in the court overruling the objection made to the testimony of plaintiff detailing the facts of her second arrest under the same warrant at defendant's instance.   It goes to illustrate the question of good faith on the part of the defendant below in having this arrest made in the first instance.

6. Neither was there error in the court refusing to compel the witness (the plaintiff) to answer " whether she had been an inmate of a house of prostitution, when she refused to do so on the ground that it would disgrace her."  Code, §3814.

The eighth ground of the motion is overruled for the same reason, that it is the privilege of the witness to decline to answer.

7. Neither was there error in allowing the witness to testify as to the reasons that impelled her to plead guilty to the charge of assault and battery.   All the evidence on this subject had been brought out by the defendant below, to affect the character and credit of the plaintiff,

Thorpe *vs.* Wray.

and it was just she should be allowed to say why she had pleaded guilty to the charge, in reply to the testimony procured from her by the cross-examination of defendant's counsel.

8. The testimony of the witness, Kaufman, who testified as to the circumstances attending the arrest and imprisonment of the plaintiff, with her efforts at procuring bail, etc., we think was admissible as part of the *res gestæ*. So, also, as to the testimony of other witnesses testifying to similar facts and occurrences.

9. Neither do we find any error as complained of in the 13th, 14th, 15th, 16th, 17th grounds of the motion.

10. As to the 18th, 19th, 20th, 21st and 22d grounds, all are of the same effect; the rulings of the court as to these grounds are not so authenticated by the judge below as to warrant us in considering them as they are presented in the motion. As to the admissibility of the evidence showing how the defendant treated her boarders, it seems it was first offered by the defendant and admitted without objection, and afterwards the court allowed evidence in rebuttal of this to disprove its truth. We do not think this was error, since the defendant tendered the issue as to her character of being a kind and considerate landlady, she has no cause to complain if the issue was met by conflicting testimony. If she was seeking character and credit to maintain her defence by this testimony it was competent to rebut it. In looking carefully through this voluminous record, we find no such error of law as would justify us in interfering with a verdict that is sustained by the evidence, and which has met the approval of the judge who presided in the court below.

11. As to the point that the evidence does not show that the prosecution of this warrant for perjury against the defendant in error had finally ended and terminated, we do not see from the record that this question was made in the court below. But as it was insisted upon here, we say that we are not prepared to determine that there is

not sufficient evidence in the record to show that the prosecution had ended. There was an appearance by the defendant before the magistrate for an investigation. The prosecutrix (plaintiff in error) was duly notified of the time and place, and failed to appear, and the magistrate, after hearing the statement of the defendant, dismissed the warrant. Moreover, we are inclined to think that the rule as requiring that the prosecution should be ended before the civil suit was maintainable, applies alone to suits for malicious prosecution and not to suits for trespass. See Code, §2989.

Judgment affirmed.