### 39810. AGNEW v. HAMEL et al.

CARLISLE, Presiding Judge. This was a damage suit brought by the plaintiff to recover for property damage to plaintiff's

automobile. The defendant filed an answer and a cross-action and on the trial of the case the verdict was for the plaintiff. The defendant filed a motion for new trial on the usual general grounds which he amended by the addition of three special grounds. This motion was overruled and the assignment of error is on that judgment.

1. Ground 4 of the motion (first special ground) assigns error on the failure of the court to instruct the jury "that one party could not recover from the other party if the jury found both parties guilty of negligence and found the parties guilty of equal negligence." In the absence of a timely written request, the failure to charge this proposition was not error. *Central R. Co. v. Brown,* 141 Ga. 553, 556 (4) (81 SE 857). This is particularly so since the judge charged the jury in connection with his charge on comparative negligence, "If you believe from the evidence that the plaintiffs in the transaction under investigation were guilty of some negligence, and *if you believe their negligence was not as great as the negligence of the defendant,* . . . the plaintiffs would still be entitled to recover damages if the defendant [was] guilty of negligence proximately contributing to plaintiffs' injury." This was tantamount to saying that if the plaintiffs' negligence *was* as great as (equal to) the negligence of the defendant, the plaintiff could not recover.

2. The second special ground assigns error because it is contended that the court failed to instruct the jury that one party could not recover from another if the first party was not in the exercise of ordinary care for his own safety at the time of the accident in question. The court instructed the jury that the plaintiffs were bound to exercise ordinary diligence and that if the plaintiffs, by their own negligence, caused the injury, or if the plaintiffs by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, then their verdict should be for the defendant. In the absence of a timely written request, it is sufficient if the charge substantially covers the issues made by the pleadings and the evidence, and it is not incumbent upon the judge to charge the jury in any particular language in instructing the jury so long as the substance of the required instructions is given them. The instructions given here were at least in substance as contended by the defendant in this ground of the motion, and this ground, therefore, shows no

harmful error for failure of the court to instruct in the exact language contended for.

3. Ground 6 of the amended motion for new trial assigns error because the court excluded from the jury's consideration a question propounded to a witness for the defendant and the witness' answer thereto. The issue being testified about by the witness related to whether or not the plaintiff's automobile had its headlights on before the accident. The record shows that the witness in this case had previously testified to facts which would have authorized the jury to conclude that the plaintiff's automobile did not have its headlights on just prior to the accident. After testifying to these facts, the witness was asked, "Based on those facts, what is your statement as to whether the automobile you saw at the scene had its lights on before the accident or not?" The witness answered: "The car did not have its lights on." The court sustained an objection of counsel for the plaintiff to this question and answer and they were excluded from the evidence. The court, undoubtedly, excluded this question and answer on the theory that whether the automobile driven by the plaintiff had its lights on before the accident or not was a question of fact, and that the question in the form presented to the witness called for him to state an opinion or belief as to whether the lights were on. Such opinions of witnesses are generally not admissible. *Code* § 38-1708. In view of the other evidence which was admitted and from which the jury could draw its own conclusions it is difficult to see how the exclusion of this question and answer was harmful to the defendant. Accordingly, this ground of the motion shows no harmful or reversible error.

4. The general grounds of the motion for new trial are neither argued nor insisted upon, and are, therefore, deemed abandoned.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED JANUARY 17, 1963.

*Nall, Miller, Cadenhead & Dennis, Walter H. Alford, Donald M. Fain,* for plaintiff in error.

*Charles E. Walker,* contra.