## 43966. SEARS, ROEBUCK & COMPANY et al. v. KINZLER et al., by Guardian, et al.

JORDAN, Presiding Judge. This is a wrongful death action. The following facts appear from the pleadings and evidence without substantial dispute. The plaintiffs, acting by and through a guardian ad litem, are Kimberly Todd Kinzler and Richard John Kinzler, Jr., the surviving minor children of Patricia Ann Kinzler, who was killed as the result of a collision on the Gordon Highway south of downtown Augusta. The collision occurred about 9:15 a.m. on November 22, 1966. The defendants are Sears Roebuck & Company, Robert Bruder, Luther Norris, Carolina Cranes, Inc., and John R. Barrineau. At the scene of the collision Gordon Highway consists of two traffic lanes, together 25 feet wide, in each direction, separated by a median about 3 feet wide, and there is a break in the median for turning or crossing. The speed limit is 45 m.p.h. There were no hazardous weather conditions at the time of the incident. Mrs. Kinzler, the driver of a Ford Mustang, was proceeding in the left lane north towards Augusta at a speed of about 40 m.p.h. Barrineau was the operator of a crane for Carolina Cranes. The crane is about 9 feet wide, 60 feet long, and weighs 72,000 pounds. He was proceeding in the right lane south at a steady speed of about 25 m.p.h., having reached this speed after stopping for a traffic signal some distance north of the scene of the collision.

Bruder was the operator of a panel truck for Sears which had been behind the crane in the right lane south. At some point past the traffic signal he moved the truck to the left lane south, and just before reaching the break in the median he headed his vehicle to the left towards the break, intending to make a left turn, and either stopped his vehicle completely or slowed it to the point where it was barely moving. At this moment the front of the crane in the right lane was about 12-15 feet from the rear of the panel truck in the left lane. Norris was the operator of a truck loaded with pulpwood which, including the load, weighed about 23,000 pounds. He had been proceeding south behind the crane and the panel truck. Before reaching the scene of the collision he had moved his vehicle to the left lane and was proceeding at a speed of about 30 m.p.h. When the panel truck and the crane were in the position near the break in the median as above indicated his truck struck the left side of the crane in a manner not entirely clear from the evidence, and almost immediately thereafter struck the rear of the panel truck, propelling it to the left across the break in the median and into the path of the oncoming Mustang driven by Mrs. Kinzler. Sears, Bruder, Carolina Cranes, and Barrineau appeal and assert error on a judgment overruling their motions for summary judgment. Carolina Cranes and Barrineau also assert error on the refusal to dismiss the complaint. *Held:*

1. The evidence clearly discloses genuine issues of fact in respect to the exact movement and position of the Sears vehicle and the use of proper signals by its driver Bruder in making a turning movement and suddenly stopping or nearly stopping for the purpose of executing a left turn. While Bruder insists that he gave proper signals, and this is supported by other evidence, there is also testimony to the contrary by eyewitnesses to the occurrence. Viewing all of the evidence in this respect, we think it is a jury question whether Bruder and likewise Sears, under the doctrine of respondeat superior, are guilty of some negligence which could be regarded as the proximate cause, either wholly or partially, of Mrs. Kinzler's death. A leading vehicle on a public highway has no absolute legal position superior to a following vehicle. Each driver must exercise due care appropriate to the circumstances in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, or change

direction without adequate warning to the driver of the following vehicle of his intentions, and the driver of the following vehicle must exercise ordinary care to heed the warnings or movement in order to avoid collision. See *O'Neil v. Moore*, 118 Ga. App. 424, and cases cited therein. Accordingly, the trial judge did not err in refusing to grant a summary judgment in favor of Sears and Bruder.

2. The rules of the Civil Practice Act are applicable to the general demurrer of Carolina Cranes and Barrineau to the petition, and under these rules the demurrer should be regarded as nothing more than a motion to dismiss for failure to state a claim. The petition clearly informs these defendants of the nature and basis of the claim against them which, if properly proved, would support recovery, and the trial judge properly refused to dismiss the complaint.

3. It is clear from the certificate of the trial judge that he had already refused to grant a summary judgment to Carolina Cranes and Barrineau before the plaintiffs filed a third amendment to the petition and these defendants responded to certain interrogatories, and in reviewing the ruling of the lower court we restrict our consideration to the pleadings and evidence considered by the trial court. While the crane was of a size requiring a permit for highway operation (see *Code Ann.* § 68-405) Barrineau's statement that he had a permit is uncontradicted, and this statement in the absence of any ruling on an objection noted under the best evidence rule, is not without probative value to eliminate from consideration a violation of *Code Ann.* § 68-405 by the presence of the crane on the highway. Accordingly, we make no ruling, and none is required on whether the mere presence of the crane on the highway, if without a permit, is negligence per se which a jury might consider in determining proximate cause.

The evidence as a whole discloses that the crane was moving at a lawful speed and manner in the right lane under circumstances where it would have been impossible for the driver to execute any turning movement of any consequence so as to create a passageway to enable the oncoming pulpwood truck to pass between the Sears truck and the crane without colliding with one or the other or both, and there is nothing in the evidence, in view of the short time involved after the operator of the crane could have or did apprise himself of the situation, considering the position of the Sears truck some

15 feet to his front in the left lane, and the truck loaded with pulpwood approaching in the same lane from his rear, to show any duty on the part of the operator of the crane whereby a jury could determine negligence on his part as the proximate cause of Mrs. Kinzler's death, either wholly or partially. As shown by the record the presence of the crane moving on the highway was lawful, and what took place with respect to the actions of Bruder, as the operator of the Sears truck, and Norris, as the operator of the truck loaded with pulpwood, were matters entirely out of Barrineau's control. The situation as here shown is clearly distinguishable from the facts for application of the avoidance doctrine as discussed in *Anderson v. Williams*, 95 Ga. App. 684, 686 (98 SE2d 579). We think, therefore, that as a matter of law Carolina Cranes and Barrineau are not liable, and that the trial judge erred in refusing to grant summary judgment for these defendants.

*Judgment affirmed in part; reversed in part. Pannell and Deen, JJ., concur.*

ARGUED OCTOBER 9, 1968—DECIDED OCTOBER 30, 1968—REHEARING DENIED NOVEMBER 20, 1968—

*Allgood & Childs, Thomas F. Allgood, Fulcher, Fulcher, Hagler, Harper & Reed, A. Montague Miller,* for appellants.

*Hull, Towill & Norman, James M. Hull, Jr., Cumming, Nixon, Eve, Waller & Capers,* for appellees.