44603. KINZLER et al. v. CAROLINA CRANES, INC. et al.

DEEN, Judge. 1. This appeal involves a second consideration by this court of the motion for summary judgment on the part of Carolina Cranes, Inc., and its employee driver, Barrineau. The facts are fully set out in *Sears, Roebuck & Co. v. Kinzler,* 118 Ga. App. 682 (164 SE2d 872). Briefly, it appears that on a four-lane highway divided by a median the vehicle in which plaintiffs' decedent was riding was proceeding north. Southbound there were two trucks in the

inside lane and a crane belonging to Carolina Cranes, Inc., in the outside lane. The lead truck slowed or stopped to make a left turn at a break in the median; the following truck was unable to stop, attempted to pass between the other vehicles, hit the crane first and the lead truck immediately thereafter, and the latter crashed into the vehicle traveling north.

On the first appeal we held that the trial court erred in denying the motion for summary judgment of Carolina Cranes, Inc., and the driver Barrineau because it appeared there was no negligence in the manner in which this behemoth (measuring nine by sixty feet; weighing 72,000 pounds) was being operated. The court then stated that it excluded from consideration whether the mere presence of the crane on the highway, if without a permit, was negligence per se which a jury might consider in determining proximate cause. At the time of the first appeal an amendment and interrogatories raising this question were on file but had not been considered by the trial court, and subsequently an affidavit of the Truck Weighing Division of the State Highway Department was also filed. Based on these documents, plaintiff contends that our first decision is no longer determinative of the issues. The trial court, however, entered an order granting summary judgment, and we will consider whether a justiciable issue has been raised on the licensing question.

Code Ann. § 68-405 generally excludes from highway use vehicles more than 55 feet long or 8 feet wide. Code Ann. § 68-407.1 permits the director of the State Highway Department in his discretion to issue special permits on application and states: "The application for any such special permit shall specifically describe the motor vehicle or vehicles and load to be operated or moved and the particular highway for which permit to operate is requested. The director of the State Highway Department of Georgia or the official of the State Highway Department of Georgia designated by the director is authorized to withhold such permit at his discretion, or, if such permit is issued, to limit the number of trips, or to establish seasonal or other time limitation within which the vehicles described may be operated on the highway indicated, or otherwise to limit or prescribe conditions of operation of such vehicle."

The affidavit of the director of the Truck Weighing Division, states that no permit for this particular vehicle on this par-

ticular route at this particular time was issued, but "trip permits in groups of 25 were issued to Carolina Cranes, Inc., and said permits were filled out except for the date the permit was to be used. That he has no way of knowing whether or not a permit was in the above described vehicle on November 22, 1966. That the group permits referred to above specified use for vehicles 10 feet 6 inches in width, 100 feet in length, and 25,000 lbs. per axle and 75,000 lbs. gross. That he cannot recall the Truck Weighing Division of the State Highway Department destroying records less than 3 years old." It is contended that such a permit would not be a proper licensing of the crane involved because neither the vehicle nor the route is specifically described, but nothing in the law makes it *mandatory* for the director to so limit the permit. A specific designation of vehicle and route is required in the application only. Answers to the interrogatories of Carolina Cranes, Inc., and Barrineau state affirmatively that the license was in the crane at the time but that since then it has been lost. It is therefore apparent that licensing which was sufficient to cover the crane in question had in fact been supplied by the State Highway Department to Carolina Cranes, Inc., and although there is some question as to whether the license which these defendants had available and which they state was in the crane at the time was properly returned and filed with the State Highway Department, failure to do this cannot be held a part of the proximate cause of injury, nor, unfortunately, can it be said that the evident practice of the State Highway Department in turning over licenses in bulk without exercising its discretionary power over times and routes, if this is what happened, is alone sufficient to subject these defendants to liability.

Upon the receipt of the remittitur from this court in the prior case holding that it was error to deny summary judgment to Carolina Cranes, Inc., and Barrineau, the trial court properly vacated its judgment and entered up judgment in accordance with our previous decision.

*Judgment affirmed. Eberhardt, J., concurs. Bell, C. J., concurs in the judgment.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 9, 1969—
REHEARING DENIED SEPTEMBER 29, 1969—

*Hull, Towill & Norman, James M. Hull, Jr.,* for appellants.
*Fulcher, Fulcher, Hagler, Harper & Reed, A. Montague Miller,* for appellees.