### 47279. UTZMAN v. SROCHI.

QUILLIAN, Judge. The appellant filed a claim against the appellee for damages which resulted from a collision between the appellee's automobile and the appellant's motorcycle. The jury returned a verdict for the appellee and the case is here for review. *Held:*

1. The collision took place at an intersection. The appellee testified that the traffic signal was green when he proceeded to make a left turn. The appellant, while unable to remember the events due to injuries he received, had other evidence which conflicted with that of the appellee. Considering the entire transcript the evidence supports the verdict of the jury.

2. Enumerations of error numbers 6 and 7 complain that certain charges given by the trial judge were incorrect. No objections to these charges were made as required by *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), and the enumerations of error are therefore not considered.

3. The eighth enumeration of error argues that it was error for the trial judge to fail to give a certain request to charge. No objection to this failure was made by the appellant and the enumeration is without merit. *Johnson*

*v. Myers,* 118 Ga. App. 773 (2) (165 SE2d 739, 33 ALR3d 1047).

4. During the trial it was proved that the plaintiff had plead guilty to the crime of larceny of an automobile. Counsel for the plaintiff subsequently attempted to question him in regard to the reasons why he had plead guilty. Defendant's counsel made an objection which was sustained. Plaintiff's counsel then perfected the record by stating, out of the presence of the jury, what the plaintiff would have testified in regard to this matter. Whether a witness should be allowed to testify as to the circumstances of his conviction or guilty plea is a subject of divergence of judicial opinion. 98 CJS 469, Witnesses, § 534 (e). While the writer is of the opinion that such testimony should not be admissible, the contrary has been held to be the law in this State. In *Thorpe v. Wray,* 68 Ga. 359 (7), it is stated: "Where counsel for one party for the purpose of impeaching the opposing party, who was on the stand as a witness, caused her to testify that she had pleaded guilty to a charge of assault and battery, it was competent in rebuttal of such fact to show the reason why she entered that plea." Therefore, it was error to sustain the objection of defendant's counsel.

Anything held to the contrary in *Lewis v. State Bd. of Medical Examiners,* 23 Ga. App. 647 (99 SE 147), must yield to the decision in the *Thorpe* case, supra.

5. The remaining enumerations of error are without merit.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*

ARGUED JUNE 6, 1972—DECIDED SEPTEMBER 21, 1972—REHEARING DENIED OCTOBER 13, 1972—

Poole, Pearce, Cooper & Smith, William F. Lozier, Walter G. Cooper, for appellant.

Lokey & Bowden, Glenn Frick, for appellee.