## 62804. UNITED SECURITY AGENCY v. SIMS.

BIRDSONG, Judge.

The trial court in this case did not err in qualifying jurors as to any possible interest in the insurance carrier of the defendant appellant, notwithstanding the fact that the insurance carrier had denied or contested coverage and did not participate in the trial or provide a defense for the defendant. *Smith v. Davis,* 121 Ga. App. 704 (175 SE2d 28); *Weatherbee v. Hutcheson,* 114 Ga. App. 761, 764-765 (152 SE2d 715); *Stevens v. Wright Contracting Co.,* 92 Ga. App. 373 (88 SE2d 511).

Appellant's second enumeration contends the trial court committed reversible error in refusing to allow a defense witness to opine as to which lane of traffic the plaintiff appellee was traversing. This defense witness was not an expert witness but was the principal officer of the defendant company, who came to the accident scene within two minutes of the accident. The question put by defense counsel was: "Was there any indication from what you could see at the scene that Mrs. Sims was in this left-hand lane?" The trial court erred when it sustained the plaintiff's objection on the grounds that the witness had laid no foundation for having expertise in traffic reconstruction. The witness is not required to be an expert, but if he is competent he may offer an opinion as to what he has seen, if he relates the facts on which his opinion is based. This evidence is admissible and the weight and credit to be accorded is for the jury. *Gibbs v. Gianaris,* 137 Ga. App. 18, 19 (223 SE2d 4). This basically is what defense counsel asked the witness to do, and although the form of question was leading and improper, the witness should have been permitted to give his opinion. The error is not reversible, however. The trial court did permit the defense to question the witness further concerning the facts he had observed at the scene, including presence and position of debris in the left-hand lane and damage to the vehicles; and the trial court permitted the witness to display photographs he had taken of the scene. Nothing prevented defense counsel from contending in closing argument that, based on the evidence, the plaintiff's vehicle was in the left lane. Since the witness was not an expert, we hardly think the giving of his own opinion was essential to the jury's consideration of the facts in this case, nor that the jury, being deprived of the lay witness' opinion on the same facts they had themselves, rendered a verdict it otherwise would not have given. This is particularly so in view of the undisputed evidence in the case that when the accident occurred the defendant's vehicle "was in the process of running a red light."

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided February 4, 1982.

*J. L. Ranitz,* for appellant.
*Andrew W. Estes,* for appellee.