## A90A0569. NEISWONGER v. JANICS.

(396 SE2d 553)

CARLEY, Chief Judge.

Appellee-plaintiff brought this negligence action, seeking a recovery of personal injury and property damages resulting from a collision

between his motorcycle and appellant-defendant's van. Appellant appeals from the judgment that was entered by the trial court on the jury's verdict in favor of appellee.

1. The trial court's denial of appellant's motion for judgment notwithstanding the verdict or, alternatively, for new trial is enumerated as error.

" '[T]he motion for judgment n.o.v. may be granted only when, *without weighing the credibility of the evidence,* there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. *And this approach governs the actions of appellate courts as well as trial courts.*' [Cit.]" (Emphasis supplied.) *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (1C) (256 SE2d 916) (1979). Following this approach in the instant case, the evidence shows the following: With appellee's motorcycle in the lead and appellant's van behind, both were traveling in the same direction on a two-lane road in drizzling rain. Appellant's written statement indicates she was as close as one car length from appellee when she first saw him. Appellant tried to pass appellee but moved only to the left side of the right lane without crossing the centerline. The front of appellant's van collided with the left side of appellee's motorcycle. The collision occurred in the right lane. Another driver who was following appellant corroborated her testimony that appellee had turned from the right edge of the right lane in front of her van as she tried to pass. However, neither appellant nor the other driver knew whether appellee's left turn signal was on before the collision. Appellee himself had poor recall of the events.

"In the usual case, . . . who is at fault, in the sense of negligence proximately causing a rear-end collision, whether the driver of the rear vehicle, the driver of the lead vehicle, or both, or neither, is a jury question for determination upon consideration of all of the attendant circumstances and the applicable rules of the road governing the operation of motor vehicles." *Poss v. Carlton Co.,* 122 Ga. App. 528, 530 (3) (177 SE2d 829) (1970). The issues of diligence, negligence, and proximate cause "should be resolved, excepting very rare cases, by the jury and not by trial and appellate judges. [Cit.] . . . [T]he existence of liability . . . [should] be determined by a jury unless there was no dispute as to the facts, and they amount to a confession of liability as a matter of law. [Cit.]" *Palmore v. Stapleton,* 157 Ga. App. 691, 693 (2) (278 SE2d 476) (1981), overruled on other grounds, *Chadwick v. Miller,* 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983).

The verdict in the instant case is supported by the evidence notwithstanding appellee's poor memory. See *Utzman v. Srochi*, 127 Ga. App. 294 (1) (193 SE2d 195) (1972). "[T]he driver of the following vehicle must exercise ordinary care to heed the warnings or movement [of the preceding vehicle] in order to avoid collision. [Cits.]" *Sears, Roebuck & Co. v. Kinzler*, 118 Ga. App. 682, 684 (1) (164 SE2d 872) (1968). "[T]he fact that [appellant] did not see [appellee] until [he] was [one car length] in front of [her] vehicle, which [she] admitted in [her written statement], was alone sufficient to indicate a jury issue on the question of [her] negligence in failing to maintain a proper lookout ahead." *Hollis v. Lipp*, 118 Ga. App. 575, 576 (164 SE2d 885) (1968). Moreover, "[t]he driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance. . . ." OCGA § 40-6-42 (1). The jury was authorized to find that appellant violated this statute, especially when its provisions are read in conjunction with OCGA § 40-6-312 (a): "All motorcycles are entitled to full use of a lane, and no motor vehicle shall be driven in such a manner as to deprive any motorcycle of the full use of a lane." Such a violation would constitute appellant's negligence per se. See *Hinesley v. Anderson*, 75 Ga. App. 394, 398 (8) (43 SE2d 736) (1947); *Keebler v. Willard*, 86 Ga. App. 884 (72 SE2d 805) (1952). "The plaintiff is only denied recovery under our system of law, where the plaintiff's negligence is equal to or greater than that of the defendant. . . . It appears from the evidence here that both [appellant] and [appellee may have been] negligent, but as to the degree of negligence attributable to either, this is a question for the jury." *Keebler v. Willard*, supra at 889 (where deceased motorcycle driver was undisputedly negligent in not looking and in turning to his left without giving a signal). See also *Hughes v. Brown*, 111 Ga. App. 676, 678 (1) (143 SE2d 30) (1965) (where bicycle rider moved left while an automobile was attempting to pass).

"The issues of a directed verdict or judgment n.o.v. are reviewed on the same basis. [Cit.] '(T)he question before this court is not whether the verdict and the judgment of the trial court was merely authorized, but is whether a contrary judgment was demanded.' [Cits.] A judgment n.o.v. is properly granted only when there can be only one reasonable conclusion as to the proper judgment; if there is any evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is not error to deny the motion. [Cits.]" *Stone v. Cook*, 190 Ga. App. 11, 12 (1) (378 SE2d 142) (1989). Accordingly, the trial court did not err in denying appellant's motion for judgment n.o.v. Likewise, there was no error in denying appellant's motion for new trial on the general grounds.

2. The trial court's denial of appellant's motion for partial directed verdict on the issue of appellee's negligence per se is enumer-

ated as error.

Appellant's motion was predicated upon the contention that, as a matter of law, appellee was undertaking an improper U-turn or left turn in violation of OCGA §§ 40-6-121 (3) and 40-6-123 (a). However, the evidence did not exclude the possibility that appellee was merely moving to the left portion of his lane. See OCGA § 40-6-312 (a). Appellant's motion was further predicated upon the contention that appellee failed to signal his turn in violation of OCGA § 40-6-123 (a) and that he was, therefore, negligent as a matter of law. However, the testimony of both appellant and the driver following her shows that neither knew whether or not appellee had used a turn signal. It follows that the trial court correctly denied appellant's motion for partial directed verdict.

3. Counsel for appellant attempted to cross-examine the investigating officer concerning his conclusions or opinions as to the cause of the collision. Appellee's objection to this question was sustained. The trial court's refusal to allow this question to be answered is enumerated as error.

The record shows that the investigating officer had previously stated and illustrated the sequence of events and the paths of travel of the vehicles. He had also previously testified that appellee was making a U-turn and that nothing on appellant's part had been found to be a contributing factor in the collision. From such evidence, the jury could have drawn its own conclusions as to the cause of the collision. Moreover, appellant's counsel was not prevented from contending in closing argument that, based on the evidence, the cause of the collision was an improper U-turn by appellee. Accordingly, appellant has shown no reversible error. See *Agnew v. Hamel*, 107 Ga. App. 221, 223 (3) (129 SE2d 574) (1963); *Calloway v. Rossman*, 150 Ga. App. 381, 382 (1) (257 SE2d 913) (1979); *United Security Agency v. Sims*, 161 Ga. App. 167 (288 SE2d 117) (1982).

*Judgment affirmed. McMurray, P. J., Banke, P. J., Birdsong, Pope, Beasley and Cooper, JJ., concur. Deen, P. J., concurs in judgment only. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent.

Appellant, the investigating officer, and the eyewitness who had been traveling behind appellant all testified that the collision occurred on Colerain Road, a two-lane road. Their testimony and the photographs taken by the officer at the scene established that the collision occurred in the right lane of that road. Both appellant and the eyewitness testified that appellee was driving slowly in a wavering manner, and that he stopped in the travel lane and began to turn in front of appellant, who applied her brakes, leaving a 105 foot skid

mark. Appellee did not simply have "poor recall" as the majority suggests. Instead, he testified that the collision occurred on Interstate 95. He stated that he was traveling in the right lane of that four-lane interstate highway, that he saw appellant in the left lane, and that the impact occurred when he pulled into the left lane in front of her. He offered no explanation for the difference between his version of the collision, which placed the impact in the left northbound lane of I-95, and the version proffered by appellant, the officer, and the eyewitness, and confirmed by the officer's photographs, which clearly depict a two-lane road.

"The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal. And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." (Citations and punctuation omitted.) *Bufford v. Bufford*, 223 Ga. 133, 134-135 (3) (153 SE2d 718) (1967). "If that most unfavorable position shows that the party is not entitled to prevail, unless other evidence shows compellingly that he should prevail, he must lose. [Cit.]" *Veal v. Fraser*, 155 Ga. App. 157, 161 (2) (270 SE2d 250) (1980). When appellee's vague and equivocal testimony is so construed, the undisputed evidence shows that the collision occurred after appellee stopped in the right lane of a two-lane highway and began making a turn, that he was hit broadside rather than in the rear, that appellant applied her brakes and left a 105 foot skid mark, and that the investigating officer found no act of appellant that contributed to the collision. Under these circumstances, I find that the jury's conclusion was the result of mere speculation, not reasonable inferences from the evidence, see *Layton v. Knight*, 129 Ga. App. 113-114 (198 SE2d 915) (1973), and accordingly I would reverse the denial of appellant's motion for judgment n.o.v.

DECIDED JULY 13, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick*, for appellant.

*Gibson & Jackson, Douglas L. Gibson*, for appellee.